# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AVANTE INTERNATIONAL TECHNOLOGY CORP., | ) )  ) |
| Plaintiff, | ) ) |
| vs. | ) Case number 4:06cv0978 TCM ) |
| PREMIER ELECTION SOLUTIONS, INC., SEQUOIA VOTING SYSTEMS, and ELECTION SYSTEMS & SOFTWARE, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This case is before the Court on motions to dismiss allegations in the third amended complaint filed by Avante International Technology Corporation ("Avante") that defendants Diebold Election Systems (now known as Premier Election Solutions, Inc.) and Sequoia Voting Systems ("Sequoia") each violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (Counts X and XI, respectively) and the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1-510/7 ("IDPTA") (Counts XII and XIII, respectively). Sequoia also moves to strike allegations of willful infringement in paragraphs 55, 56, 98, and 99 of the Third Amended Complaint.

## Background

In each of the challenged counts, Avante incorporates by reference each preceding paragraph. The allegations unique to Count X are that Premier Elections Solutions, Inc. ("Premier") "provided false or misleading representations to potential customers and

customers regarding whether its DRE [direct recording equipment] complied with Illinois DRE requirements." (Compl.[1] ¶ 142.) Avante additionally alleges that "[a]s a competitor to [Premier], Avante was harmed by lost sales and/or lost royalties and is likely to continue to lose sales and and/or [sic] royalties because Avante's '730 patent necessarily covers DRE equipment that complies with Illinois DRE requirements . . . ." (Id. ¶ 144.) In Count XII, Avante alleges that Premier's "representations to Illinois customers that its equipment complies with Illinois DRE requirements when its equipment in fact does not comply with Illinois DRE requirements constitutes deceptive trade practices." (Id. ¶ 155.) These misrepresentations are "likely" to damage Avante because Avante will lose sales or royalties from its DRE that does conform to Illinois' requirements. (Id. ¶ 156.)

In the paragraphs unique to the challenged counts against Sequoia, Avante begins each with "In the alternative . . ." The allegations are that either (a) Sequoia's DRE does not comply with Illinois' DRE requirements, and, therefore Sequoia made false and misleading misrepresentations about its requirements, or (b) if it does comply, Sequoia's DRE necessarily violates Avante's patent 7,036,730 ("the '730 patent").

Sequoia moves to dismiss Counts XI and XIII on the grounds that Avante has failed to allege any facts in support of its claims and that Sequoia's certification by the Illinois Board of Elections precludes the claim under the IDTPA. Premier moves to dismiss the IDTPA claims on the same grounds and moves to dismiss the Lanham Act claims for lack of standing. Avante vigorously opposes both motions.

---

[1] All references to "Compl." are to the Third Amended Complaint.

**Discussion**

Standard of Review. Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (alterations added). This "threshold requirement" of a "plain statement" requires that the allegations in the complaint "possess enough heft to 'sho[w] that the pleader is entitled to relief.'" **Bell Atlantic Corp. v. Twombly**, 127 S.Ct. 1955, 1966 (2007) (quoting Rule 8(a)(2)) (alteration in original). In other words, a complaint must include "enough facts" to "nudge . . . [the] claims across the line from conceivable to plausible." **Id.** at 1974 (alterations added). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim of relief that is plausible on its face." **Id.** (alteration added). If a plaintiff's allegations fail to satisfy this need, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate. **Id.** See also **Stalley v. Catholic Health Initiatives**, 509 F.3d 517, 521 (8th Cir. 2007) (holding that Rule 12(b)(6) requires that a plaintiff "assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right") (alteration added); **Quinn v. Ocwen Federal Bank FSB**, 470 F.3d 1240, 1244 (8th Cir. 2006) (noting that "the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal").

The Lanham Act. Section 43(a) of The Lanham Act, 15 U.S.C. § 1125(a), provides:

> "(1) Any person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

**American Ass'n. of Orthodontists v. Yellow Book USA, Inc.**, 434 F.3d 1100, 1102 (8th Cir. 2006) (quoting § 1125(a)). "Subsection (a)(1)(A) is referred to as the false endorsement prohibition; subsection (a)(1)(B) is referred to as the false advertising prohibition. In general, the statute is broadly construed as 'making certain types of unfair competition federal statutory torts.'" **Id.** (quoting Home Builders Ass'n v. L & L Exhibition Mgmt., Inc., 226 F.3d 944, 947 (8th Cir.2000)). See also **Allsup, Inc. v. Advantage 2000 Consultants, Inc.**, 428 F.3d 1135, 1138 (8th Cir. 2005) ("The purpose of [the Lanham] Act is to protect persons engaged in commerce against false advertising and unfair competition.") (alteration added) (interim quotations omitted).

"Under the Lanham Act, likelihood of confusion and false advertising are fact-intensive inquiries." **Mid-State Aftermarket Body Parts, Inc. v. MQVP, Inc.**, 466 F.3d 630, 634 (8th Cir. 2006). "Confusion is relevant when it exists in the minds of persons in a position to influence the purchasing decision or persons whose confusion presents a significant risk to the sale, goodwill, or reputation of the [plaintiff]." **Id.** (interim quotations omitted). A claim for false advertising requires a showing of, among other things, that the challenged statement, whether false, true, of ambiguous, "render[ed] a false impression when viewed in context."

**Allsup, Inc.**, 428 F.3d at 1138. This statement must cause a commercial competitor to be injured or be likely to be injured. **Id.** See also **Aviation Charter, Inc. v. Aviation Research Group**, 416 F.3d 864, 871 (8th Cir. 2005)

Sequoia argues that Avante has alleged no facts in support of its Lanham Act claims against it. The Court agrees. The Lanham Act allegations against Sequoia are that, if Sequoia is not infringing Avante's '730 patent it then has made false and misleading misrepresentations. Although Avante may plead both Lanham Act and patent infringement claims,[2] it must plead some facts to support a Lanham Act claim. Instead, Avante pleads that if Sequoia is not infringing its patent then it is misrepresenting its DRE equipment. This conclusory allegation is insufficient to avoid dismissal.

Avante's allegations against Premier are more specific than those against Sequoia. For instance, Avante alleges that Premier represented to Illinois customers that its equipment complies with Illinois DRE requirements; that the equipment does not so comply; and that its representations have caused Avante lost sales and royalties. Premier argues that Avante lacks standing to pursue a Lanham Act claim against it.

As noted by Premier, the Eighth Circuit Court of Appeals declined in **American Ass'n. of Orthodontists, Inc.** to decide between a circuit split on the proper standard for determining standing under § 1125(a)(1)(B). 434 F.3d at 1103-1104. "[A] number of circuits have held, categorically, that false advertising claims not involving misuse of a trademark are actionable

---

[2]But cf. **Aero Products Int'l, Inc. v. Intex Recreation Corp.**, 466 F.3d 1000, 1018-20 (Fed. Cir. 2006) (holding that plaintiff who prevailed on patent infringement and Lanham Act claims arising from same operative facts, i.e., infringement of patent, could not have double recovery of damages).

only when brought by competitors of the wrongdoer." **Id.** (alteration added) (interim quotations omitted). "Other circuits have adopted a less categorical multi-factor test . . . that focuses judicial enforcement of the Lanham Act on the protection of commercial interests and the prevention of competitive harm." **Id.** at 1104 (alteration added).

Under either standard, Avante's Lanham Act claims against Premier fail. Avante fails to allege that it has sought to sell its DRE in Illinois but has been unable due to Premier's alleged misrepresentations. To the contrary, Avante states in its response that it is not certified by the Illinois Board of Elections. Lacking such certification, Avante is not the commercial competitor required by the Lanham Act. Cf. **Optivus Tech., Inc. v. Ion Beam Applications, S.A.**, 469 F.3d 978, 987 (Fed. Cir. 2006) (issue of fact existed as to materiality of false statement challenged in Lanham Act claim that defendant competitor made misrepresentation that caused plaintiff not to be awarded contract).

Illinois Deceptive Trade Practices Act. Illinois law defines a deceptive trade practice as, among other things, representing that goods have characteristics that they do not have and "engag[ing] in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 ILCS 510/2(5) and (12). Section 4(1) of the IDPTA "declares the obvious in stating that the [IDPTA] does not apply to 'conduct in compliance with the orders or rules of or a statute administered by a Federal, state or local governmental agency.'" **Johnson v. Marshall Field & Co.**, 312 N.E.2d 271, 275-76 (Ill. 1974) (quoting 815 ILCS 510/4(1)) (alteration added). See also **Aurora Firefighter's Credit Union v. Harvey**, 516 N.E.2d 1028, 1035 (Ill. Ct. App. 1987) (same).

To be sold in Illinois, the DRE, whether the product of Avante, Premier, or Sequoia, would have to be certified by the Illinois Board of Elections. If certified, the Board's determination that the DRE complies with its regulations precludes a separate claim under the IDPTA. See **Price v. Philip Morris, Inc.**, 848 N.E.2d 1, 54 (Ill. 2005) (finding that plaintiffs' claim under the IDPTA for misleading advertising by tobacco company was precluded by consent orders between tobacco companies and federal agency authorizing complained-of conduct, regardless of whether defendant company was party to either consent order). If not certified, there are no damages because the competitor cannot sell its equipment.[3] Under either scenario, Avante's claims against Sequoia and Premier fail under the IDPTA.[4]

Motion to Strike. The paragraphs Sequoia seeks to strike allege that all defendants have failed to explain how their equipment can both comply with Illinois and New York regulations and yet not infringe on Avante's '730 patent. This failure, Avante argues, translates into willful conduct by defendants.

---

[3]In its response, Avante alleges that Premier secured several contracts when offering for sale DRE in Illinois that was not certified and that it bid for contracts without being certified. As noted by Avante, however, the standard for a motion to dismiss requires, with a few exceptions not applicable in the instant case, that the court look to the factual allegations in the complaint. Moreover, because Avante is not certified, Avante cannot show any damages from Premier's alleged misconduct.

[4]Avante also argues that it is not alleging that Premier is not certified, but is alleging that Premier is not complying with the requirements of 10 ILCS 5. Avante does not cite the specific section in Chapter 10, Article 5 of the Illinois Code to which it refers. Chapter 10 ILCS 5/24C-11 sets forth at least 23 functional requirements of a direct recording electronic voting system. Avante's argument that Premier's DRE must either infringe on its '730 patent or violate Illinois law is conclusory for the reasons set forth above.

"Courts may strike 'from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter.'" **BJC Health Sys. v. Columbia Cas. Co.**, 478 F.3d 908, 917 (8th Cir. 2007) (quoting Rule 12(f) of the Federal Rules of Civil Procedure) (alteration added). Although the Court has the "liberal discretion" to strike pleadings under Rule 12(f), doing so "is an extreme and disfavored measure." **Id.** In the instant case, the Court declines to use this extreme measure. This does not mean, however, that the burden shifts to Sequoia to prove it has not infringed Avante's patent or that the door is opened to discovery that effectively places that burden on Sequoia.

**Conclusion**

Avante's allegations against Sequoia and Premier for violations of the Lanham Act and of the Illinois Deceptive Trade Practices Act fail to state a claim. Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of Sequoia Voting Systems is **GRANTED** and the motion to strike is **DENIED**. [Doc. 127]

**IT IS FURTHER ORDERED** that the motion to dismiss of Premier Election Solutions, Inc., is **GRANTED**. [Doc. 133]

/s/Thomas C. Mummert
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of March, 2008.