UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AVANTE INTERNATIONAL TECHNOLOGY CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> PREMIER ELECTIONS SYSTEMS, INC., and SEQUOIA VOTING SYSTEMS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:06cv0978 TCM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

Pending in this patent dispute are five *Daubert*[1] motions, three of which involve Defendants' expert Michael I. Shamos. In one motion, Plaintiff seeks to exclude the testimony of J. Michael Thesz on the grounds that he improperly adopts the opinion of Dr. Shamos. [Doc. 497] In another motion, Plaintiff seeks to exclude testimony by Dr. Shamos testimony on the issue of inequitable conduct. [Doc. 500] And, in the third motion, Plaintiff seeks to exclude his testimony relating to the term "imaging." [Doc. 502]

The Court is required by the Federal Rules of Evidence to ensure that all specialized testimony or evidence admitted at trial is relevant and reliable. **Daubert v. Merrell Dow Pharms, Inc.**, 509 U.S. 579, 589 (1993). "The primary locus of this obligation is Rule 702 . . . ." **Id.** Rule 702 provides:

---

[1]Daubert v. Merrell Dow Pharms, Inc., 509 U.S. 579 (1993).

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The required determination of whether the proffered expert is proposing to testify to specialized knowledge that will assist the trier of fact in understanding or determining a fact in issue "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." **Daubert**, 509 U.S. at 592-93. This inquiry is a flexible one "'tied to the facts' of a particular 'case,'" **Kumho Tire Co. v. Carmichael**, 526 U.S. 137, 150 (1999) (quoting Daubert, 509 U.S. at 591), and focuses "solely on principles and methodology, not on the conclusions that they generate," **Daubert**, 509 U.S. at 595. "Thus, a district court is not free to choose between the conflicting views of experts whose principles and methodology are reliable and relevant." **National Bank of Commerce of El Dorado, Ark. v. Associated Milk Producers, Inc.**, 191 F.3d 858, 862 (8th Cir. 1999).

> Ultimately, the *Daubert* Court endorsed the traditional means of testing evidence in the adversary system rather than the wholesale exclusion of evidence under an uncompromising test – "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."

**Id.** (quoting Daubert, 509 U.S. at 596) (alteration in original).

In *Daubert*, the Supreme Court outlined four factors that the district court may[2] consider when determining whether to admit expert testimony: whether the expert's theory or technique "(1) can be and has been tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error; and (4) has gained general acceptance in the relevant community." **Bland v. Verizon Wireless (VAW), LLC.**, 538 F.3d 896, 897 (8th Cir. 2008) (citing Daubert, 509 U.S. at 593-94). And, although the *Daubert* test applies to "many different kinds of expertise," **Kumho Tire Co.**, 526 U.S. at 150, "[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony," **id.** (alteration in original) (internal quotations omitted).

**A.   Motion to Exclude Dr. Michael I. Shamos's Testimony on Inequitable Conduct Issues.**  [Doc. 500]

"The burden of proving inequitable conduct lies with the accused infringer." **Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.**, 537 F.3d 1357,1365 (Fed. Cir. 2008). To succeed on this defense, "the accused infringer must present evidence that the [patent] applicant (1) made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and (2) intended to deceive the [United States Patent and Trademark Office ("PTO")]." **Id.** Although both elements must

---

[2]Before discussing the four factors, the Supreme Court first expressed confidence "that federal judges possess the capacity to undertake [the necessary] review" of the proffered expert testimony and disclaimed any presumption that its factors were to be construed as a definitive checklist. **Daubert**, 509 U.S. at 593. Thus, the four factors outlined by the Court are not a definitive checklist or test. See **Kumho Tire Co.**, 526 U.S. at 149-50.

be proven by clear and convincing evidence, the court "must still balance the equities to determine whether the applicant's conduct before the PTO was egregious enough to warrant holding the entire patent unenforceable." **Id.** (citing Monsanto Co. v. Bayer BioScience N.V., 363 F.3d 1235, 1239 (Fed. Cir. 2004)).

The deceptive intent prong is not satisfied alone by a failure to disclose information that is later found to be material. **Id.** at 1366. "Rather, to prevail on the defense, the accused infringer must prove by clear and convincing evidence that the material information was withheld with the specific intent to deceive the PTO." **Id.** This intent may be inferred from indirect or circumstantial evidence. **Id.**

"With respect to the materiality prong, [the court has] held that 'information is material when a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent.'" **Id.** at 1367 (quoting Symantec Corp. v. Computer Assocs. Int'l Inc., 522 F.3d 1279, 1297 (Fed. Cir. 2008)). The "information is not material[, however,] if it is cumulative of other information already disclosed to the PTO." **Id.**

With the foregoing standard in mind, the Court thoroughly read and reviewed Dr. Shamos's report and deposition excerpts, all provided by Plaintiff.

Plaintiff first argues that Dr. Shamos's testimony incorrectly states the law as it relates to when or if cumulative information before the PTO is material. Defendants counter that, in prosecuting the patent, Plaintiff characterized the prior art in question as not reciting disputed claim elements. Regardless, the Court will apply the appropriate patent law to the

instant case to determine what, if anything, is cumulative. Striking Defendants' expert under this argument would be inappropriate.

Plaintiff next contends that Dr. Shamos should be excluded from testifying on inequitable conduct because he uses a different construction of the term "image" than the Court found in its *Markman*[3] order. In his deposition, Dr. Shamos testified that he did not necessarily believe that those prosecuting the patent and those at the PTO would have defined the term "image" as the Court did in its *Markman* order. Title 37 C.F.R. § 1.56(b), cited by Defendants, requires, in part, "giving each term in the claim its broadest reasonable construction consistent with the specification, and before any consideration is given to evidence which may be submitted in an attempt to establish a contrary conclusion of patentability." **Id.** Consistent with this edict and the Court's interpretation of Dr. Shamos's testimony, Plaintiff's argument fails.

Finally Plaintiff argues that Dr. Shamos's qualifications as an expert witness do not qualify him to provide an opinion on the deceptive intent prong of the inequitable conduct defense. All parties and the Court concur. With this exception, Plaintiff's motion to exclude Dr. Shamos as an expert witness on inequitable conduct issues will be denied.

**B. Motion to Exclude J. Michael Thesz' Testimony on Inequitable Conduct Issues.** [Doc. 497]

---

[3]Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

Plaintiff moves to exclude the expert testimony of Mr. Thesz on the grounds that (a) he relies on Dr. Shamos's opinion without confirming the validity of that opinion, and (b) he only offers an opinion on the state of the law.

Mr. Thesz is an attorney who has been a patent examiner at the PTO, senior legal advisor in the Office of the Assistant Commissioner for Patents, and editor of the Manual of Patent Examining Procedure, and who has prosecuted and supervised patent applications in private practice. (Pl. Ex. A at 2-4.) In his report, Mr. Thesz opines about "material information" allegedly withheld by Dr. Chung and/or his attorney when securing the instant patents. (Id. at 5.)

As an experienced patent examiner and one who prosecutes patents as an attorney, Mr. Thesz is qualified to testify about the proper procedures in securing patents. The Court agrees that one expert cannot blindly accept the opinion of another expert when rendering his or her own opinion; however, if certain criteria are met, an expert may *rely* on another expert's report. **Arkwright Mut. Ins. Co. v. Gwinner Oil Inc.**, 125 F.3d 1176, 1182 (8th Cir. 1997).

Plaintiff's first point is unavailing.

Plaintiff next argues that Mr. Thesz's opinion is nothing more than a rendition of existing law, i.e., the materiality requirement set forth in 37 C.F.R. § 1.56(a). The Court disagrees. Mr. Thesz's report outlines the process in seeking the relevant patent and includes a relevant opinion on what and when disputed information should have been disclosed to the PTO.

Plaintiff's motion to exclude Mr. Thesz will be denied.

### C. Motion to Exclude Dr. Shamos's Testimony on Invalidity Issues.  [Doc. 502]

Essentially, Plaintiff's motion to exclude Dr. Shamos as an expert on invalidity issues is based on his testimony on the Court's construction of the term "imaging," "image," and "imaged."  (See *Markman* Mem. and Order at 33-36.)  Plaintiff argues that Dr. Shamos's methodology is flawed because he uses a definition of the term "imaging" which is inconsistent with the Court's construction.  Defendants argue that Plaintiff's motion is not a *Daubert* motion at all but rather is a motion in limine intended to keep misstatements of claim construction from the jury.  The Court agrees.

Plaintiff's motion challenges Dr. Shamos's interpretation of the Court's *Markman* order, his deposition testimony on claim construction, alleged inconsistencies in Dr. Shamos's testimony, and his allegedly "flexible and overbroad" definition of imaging.  The Court has reviewed both of Dr. Shamos's reports and finds that the reports survive a *Daubert* challenge.  The extent and depth to which Dr. Shamos testifies at trial on these issues may be resolved by trial objections and cross-examination.  "'[T]he factual basis of an expert opinion goes to the credibility of the testimony, not its admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.'" **Synergetics, Inc. v. Hurst**, 477 F.3d 949, 955 (8th Cir. 2007) (quoting Bonner v. ISP Tech., Inc., 259 F.3d 924, 929 (8th Cir. 2001)).  "An expert's opinion should be excluded only if that 'opinion is so fundamentally unsupported that it can offer no assistance to the jury.'" **Id.** at 956 (quoting Peitzmeier v. Hennessy Indus., Inc., 97 F.3d 293, 296 (8th Cir. 1996)).

Dr. Shamos's opinion is not so unsupported.  Plaintiff's motion will be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Dr. Michael I. Shamos's Testimony on Inequitable Conduct Issues is **GRANTED** in part and **DENIED** in part as set forth above. [Doc. 500]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude J. Michael Thesz' Testimony on Inequitable Conduct Issues and Motion to Exclude Dr. Shamos's Testimony on Invalidity Issues are each **DENIED**. [Docs. 497, 502]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of December, 2008.