UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AVANTE INTERNATIONAL TECHNOLOGY CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:06cv0978 TCM ) |
| PREMIER ELECTIONS SYSTEMS, INC., and SEQUOIA VOTING SYSTEMS, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion to exclude testimony of Plaintiff's patent law expert Gregory Upchurch.[1] [Doc. 498]

Mr. Upchurch was retained by Plaintiff to rebut testimony by Defendants' experts, Michael I. Shamos and J. Michael Thesz, on issues relevant to their inequitable conduct defense. Citing **Neutrino Dev. Corp. v. Sonosite, Inc.**, 410 F. Supp.2d 529 (S.D. Tex. 2006), Defendants argue that Mr. Upchurch lacks the necessary training and credentials to testify as a skilled artisan on the issue of materiality, an issue which necessarily includes prior art of the allegedly withheld references and whether those references were in fact cumulative and already before the PTO. In *Sonosite*, the court excluded the testimony of an expert witness – a patent attorney – who was to testify about, inter alia, "whether or not

---

[1] In its previous Memorandum and Order on Plaintiff's three *Daubert* motions, the Court outlined the applicable standards. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). That discussion is incorporated by reference in this Memorandum and Order.

material contained in . . . [two] amendments [to the patent application] was 'new matter' . . . ." **Id.** at 544-45. The defendant had argued that the attorney was "particularly qualified to consider the patent application materials from the perspective of a patent examiner and patent attorney" and would tie the technical opinions of two expert witnesses on the "new matter" issue to the prosecution record of the patent at issue. **Id.** at 545. The court held that the attorney was not qualified to testify from the perspective of one of ordinary skill in the art and, consequently, could not testify as to whether the amendments were "new matter" as prohibited by 35 U.S.C. § 112. **Id.**

The facts in the instant case are distinguishable from those in *Sonosite*.[2] Mr. Upchurch is a patent attorney with thirty years of experience performing "countless" searches of patent office records; teaches intellectual property at a local law school; has a degree in physics and a master's in electrical engineering; wrote his thesis on digital imaging processing; has prepared and prosecuted more than one hundred patents, including patents involving imaging technology; is the chairperson of his law firm's intellectual property group; has been responsible for compliance with Missouri elections laws relating to numerous initiative petition drives; and is the author of a treatise on intellectual property. These qualifications defeat Defendants' motion to exclude his testimony.

Also, any flaws in Mr. Upchurch's technical qualifications may be addressed by Defendants through cross-examination. In **Smith & Nephew, Inc. v. Biomet, Inc.**, No. 05-611-KI, 2005 W.L. 3132313,*2 (D. Ore. Nov. 21, 2005), cited by Defendants, the plaintiff

---

[2]Even if the facts were comparable, the Court is not obligated to follow case law from the United States District Court for the Southern District of Texas.

objected to a declaration of a patent attorney submitted by the defendant in response to the plaintiff's motion for a preliminary injunction to stop the defendant from infringing on its patent for a medical device. The attorney "admit[ed] he [was] not an expert or one of ordinary skill in the field of medical devices, yet he offer[ed] his opinion regarding double patenting based on his review of the claims in [one of the patents at issue]." **Id.** The trier of fact, the court, concluded that the attorney's expertise in examining patents and his review of the relevant patent issues would be "peripherally helpful" and declined to strike those portions of his declaration. **Id.** The weight to be given the attorney's opinions was lessened, however, because he was not an expert in the field of medical devices. **Id.**

And, the Court disagrees with Defendants' assertion that Mr. Upchurch admits that he is not qualified. In the submitted deposition excerpts, Mr. Upchurch testifies about his relevant qualifications as an expert witness in this case. (See Upchurch Dep. at 13-32, 37-40.)

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Exclude Testimony of Plaintiff's Patent Law Expert Gregory Upchurch, Esq., is **DENIED**. [Doc. 498]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of December, 2008.