# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AVANTE INTERNATIONAL TECHNOLOGY CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:06cv0978 TCM |
| PREMIER ELECTIONS SYSTEMS, INC., and SEQUOIA VOTING SYSTEMS, ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's *Daubert*[1] motion to exclude the testimony of Defendants' expert John D. Bakker. [Doc. 504][2]

Defendants plan on using the expert testimony of Mr. Bakker to assist their defense that Plaintiff's patents at issue are invalid under 35 U.S.C. § 102(b) because the invention was in "public use" more than one year prior to the patent application. "Public use includes 'any use of [the claimed] invention by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor.'" **Petrolite Corp. v. Baker Hughes, Inc.**, 96 F.3d 1423, 1425 (Fed. Cir. 1996) (quoting In re Smith, 714 F.2d 1127, 1134 (Fed. Cir. 1983)) (alteration in original). "Whether a public use has occurred is a

---

[1] Daubert v. Merrell Dow Pharms. Inc., 509 U.S. 579 (1993).

[2] This is the fifth *Daubert* motion in this case. In a previous Memorandum and Order entered this same day, the Court discussed the standards set forth in *Daubert* and Federal Rule of Evidence 702. That discussion is incorporated by reference herein.

question of law." **Id.** To answer this question, the Court looks at the totality of the circumstances to determine whether any particular event results in a public use bar. **Id.**

The prior use now at issue occurred in California in 2001. According to the parties, California voters approved Proposition 218 in 1996 to amend the California Constitution to limit property tax levies without voter approval. The 218 procedure differs from typical election procedures in that ballots are mailed to entities and individuals who will be affected by the proposed tax levy. The ballots are weighted proportionally to the entities' financial obligations. In 2001, the County of Sacramento sought to increase assessments on land owners for lighting and other safety amenities. The County contracted with Global Election Systems, Inc. ("Global"), to assist in tabulating the ballots. The parties disagree on whether the optical scanning vote tabulation employed for that event was a "public use" under § 102(b).

According to Mr. Bakker's report, the ballot procedures used in the County of Sacramento were required by law to be open and public. (Bakker Report, § VI at 5-6.)

Plaintiff first argues that Mr. Bakker's testimony should be excluded because of his lack of experience and qualifications to testify. Mr. Bakker received his law degree in 1998 and has concentrated his practice in the area of representing cities and municipal districts. He is the attorney for two California cities; is general counsel for several government districts; was previously the city attorney for three other California cities; provides advice, lectures, and is on state-wide committees concentrating on Proposition 218; and has co-authored a <u>Proposition 218 Guide for the League of California Cities</u>. His career as a practicing lawyer began only two years after the passage of Proposition 218, and he has

specialized in providing advice and information on that Proposition. Plaintiff's attack on Mr. Bakker's qualifications due to his lack of experience is without merit.

Next, Plaintiff argues that Mr. Bakker's opinion is an interpretation of California law which improperly invades the province of the jury and that Mr. Bakker's testimony will not assist the jury in understanding the facts in issue. As the Eighth Circuit Court of Appeals has observed:

> An expert witness may give his or her opinion if it will help the trier of fact understand the evidence or determine a fact in issue. Such testimony is objectionable merely because it embraces an ultimate issue to be decided by the trier of fact. A trial court may, however, exclude opinion testimony if it is so couched in legal conclusions that it supplies the fact finder with no information other than what the witness believes the verdict should be. Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility.

**Williams v. Wal-Mart Stores, Inc.**, 922 F.2d 1357, 1360 (8th Cir. 1990) (internal citations and quotations omitted).

The Court has read the October 27, 2008, report of Mr. Bakker and believes that his testimony will assist the trier of fact in this case. Proposition 218 is part of the California Constitution with which neither the Court nor a jury will be familiar. Mr. Bakker has devoted a significant portion of his career to interpreting Proposition 218 and providing legal advice to various cities and other legal entities in California on this area of law. He concludes in his report that the procedure used by Global was required by law to be open to the public. (See Bakker Report §§ V-Q, VI.) There is nothing improper or violative of Federal Rule of Evidence 702 in allowing Mr. Bakker to share his expertise in this Proposition with the Court and the jury. The Court finds that Mr. Bakker may testify to

these expert opinions. See **Wade v. Haynes**, 663 F.2d 778, 783-84 (8th Cir. 1981) (affirming the trial court's decision permitting the testimony of an expert on correction administration who testified that it was an "egregious failure" of the prison administration to house two prisoners in the same cell without investigating each prisoner's background; the court acknowledged that the expert witness's testimony was a "pure legal conclusion," but the jury had the right to be informed on prison policy and whether the prison breached its duty by failing to review a prisoner's background when making cell assignments).

Mr. Bakker's report also opines that the County of Sacramento would have violated Proposition 218 and Cal. Gov. Code § 53753 if it had prevented members of the public from being present during the tabulation of the ballots. (Bakker Report § V-Y). This opinion does invade the province of the jury, and Mr. Bakker will be precluded from offering that opinion at trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude John D. Bakker's Testimony is **GRANTED** in part and **DENIED** in part as set forth above. [Doc. 504]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of December, 2008.