UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AVANTE INTERNATIONAL TECHNOLOGY CORP., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case number 4:06cv0978 TCM<br>) |
| PREMIER ELECTION SOLUTIONS, INC., and SEQUOIA VOTING SYSTEMS, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

# MEMORANDUM AND ORDER

This much-litigated patent dispute is before the Court on six post-trial motions: the motion of plaintiff, Avante International Technology, Inc. ("Avante") for amended or additional findings of fact and conclusions of law as to the issue of the obviousness of certain claims in United States Patent Numbers 6,892,944 ("the '944 patent") and 7,077,313 ("the '313 patent") [Doc. 657]; the motion of Avante for judgment as a matter of law or, alternatively, for a new trial [Doc. 659]; the motion of Premier Election Solutions, Inc. ("Premier") and Sequoia Voting Systems ("Sequoia") for judgment as a matter of law that the '944 and '313 patents are unenforceable [Doc. 661]; the motion of Premier and Sequoia (collectively referred to as "Defendants") for attorney's fees [Doc. 664]; the motion of Sequoia for a bill of costs [Doc. 666]; and the motion of Premier for a bill of costs [Doc. 667].[1]

---

[1] A seventh motion for oral argument will be denied as moot.

## Motions Challenging Judgment.

Avante first requests that the Court (1) amend its Order, Findings, and Conclusions on the Obviousness of the '944 and '313 patents to reach an opposite conclusion and (2) reconsider its summary judgment ruling on Avante's 7,036,730 ("the '730 patent"), the ruling allegedly having been predicated on an erroneous construction of the term "voting session identifier."

Avante also requests that judgment be entered in its favor as a matter of law or, alternatively, that it be granted a new trial on the grounds that (1) Defendants failed to carry their burden of showing that (a) the agreed-to prior art was anticipatory and (b) the HSCC existed and was publicly used, and (2) the Court erred by (a) improperly instructing the jury (i) on the burden of proof and (ii) on the time frame for abandonment and concealment, (b) allowing Defendants' expert to testify about PageScan II, (c) allowing the jury to hear evidence on inequitable conduct and to consider the issue of materiality, and (d) defining the term "imaging" as it did in its claim construction.

Defendants oppose both requests.

The Court has reviewed the challenged rulings, Avante's arguments against them, and Defendants' arguments supporting them. Finding no error, the Court will deny Avante's motions.

The parties then switch places in their opinion on the wisdom of the Court's rulings. Defendants request that the Court's Order, Findings, and Conclusions on Inequitable Conduct be amended to include (1) a finding that Dr. Kevin Kwong-Tai Chung intended to deceive

the United States Patent and Trademark Office ("USPTO") and (2) a conclusion that the '944 patents and '313 patents are unenforceable due to inequitable conduct. The Court has reviewed Defendants' argument and Avante's opposition and finds no error in its earlier findings and conclusions.

**Motion for a Finding that the Case is Exceptional under 35 U.S.C. § 285**

Title 35 U.S.C. § 285 authorizes the Court to award reasonable attorney fees to a prevailing party in an "exceptional" patent case.[2] If the prevailing party is one accused of infringing a patent, such award must be predicated on inequitable conduct before the USPTO, litigation misconduct, or litigation brought in "subjective bad faith" *and* tht is "objectively baseless." **Wedgetail, Ltd. v. Huddleston Deluxe, Inc.**, 576 F.3d 1302, 1304 (Fed. Cir. 2009); accord **Digeo**, 505 F.3d at 1367; **Serio-US Indus.**, 459 F.3d at 1321-22. The inquiry into whether the litigation was objectively baseless need not be made if the litigation was not brought in subjective bad faith and, if made, "does not depend on the state of mind of the plaintiff at the time that the action was commenced, but rather requires an objective assessment of the merits." **Brooks Furniture Mfg. Inc. v. Dutailier Int'l, Inc.**, 393 F.3d 1378, 1381-82 (Fed. Cir. 2005). When determining whether the patentee's conduct supports an award of fees, the Court may "weigh intangible as well as tangible factors," including "the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." **Serio-US Indus.**, 459 F.3d at 1322

---

[2]Because § 285 is unique to patent law, Federal Circuit caselaw guides the Court's analysis. See **Digeo, Inc. v. Audible, Inc.**, 505 F.3d 1362, 1366 (Fed. Cir. 2007); **Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.**, 459 F.3d 1311, 1321 (Fed. Cir. 2006).

(internal quotations omitted). See also **Brooks Furniture Mfg.**, 393 F.3d at 1384 ("Although the entirety of a patentee's conduct may be considered, enforcement of patent rights that are reasonably believed to be infringed does not entail special penalty when the patentee is unsuccessful."). The burden is on the prevailing party to establish the factors favoring an award by clear and convincing evidence. **Digeo**, 505 F.3d at 1367, 1369; **Brooks Furniture Mfg.**, 393 F.3d at 1382. And, "[t]here is a presumption that the assertion of a duly granted patent is made in good faith." **Id.**; accord **McNeil-PPC, Inc. v. L. Perrigo Co.**, 337 F.3d 1362, 1371 (Fed. Cir. 2003) (finding that award of fees was inappropriate when, inter alia, patent had not been held to be invalid when infringement action was initiated).

Much of Defendants' argument in support of their motion for attorney's fees focuses on their allegations of inequitable conduct. The Court previously found (as did the jury), and has now declined to amend that finding, that Dr. Chung did not intend to deceive or otherwise mislead the patent examiner when failing to disclose prior patents, including the Stewart patent, and an optical scanner, PageScan II, that Avante had purchased before filing its provisional application for the '944 patent.

Defendants also argue that an award of attorney's fees is merited because Avante knew by the end of discovery that it had no viable position against the asserted prior art, specifically Premier's HSCC device, but continued its litigation nonetheless. The question of the functionality of the HSCC was vigorously litigated throughout the six-day jury trial. No evidence introduced or arguments made during this trial, or during the multiple

dispositive motions, discovery disputes, or claim construction disagreements raised and resolved throughout this case's three-year history, indicated to the Court that Avante was attempting or continuing to enforce its presumptively valid patents in bad faith. "Bringing an infringement action does not become unreasonable in terms of § 285 if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." **Brooks Furniture Mfg.**, 393 F.3d at 1384. See e.g., **Forest Labs. Inc. v. Abbott Labs.**, 339 F.3d 1324, 1327 (Fed. Cir. 2003) (reversing § 285 award to party who was granted a judgment of nonfringement as a matter of law after a jury trial and who argued patentee's bad faith was demonstrated by patentee's failure to introduce any evidence of infringement, although jury had found such); **McNeil-PPC**, 337 F.3d at 1372-73 (finding that § 285 award was precluded by failure of unsuccessful patentee to disclose prior patents and by "plausible theory of infringement" advanced by patentee's experts); **Farrago v. Rawlings Sporting Goods Co.**, No. 4:06cv958 (CEJ), slip op. at 7-8 (E.D. Mo. Jan. 28, 2009) (rejecting argument that § 285 award was merited because patentee had submitted inaccurate representations of allegedly infringing product; although court did not condone such conduct, it did not rise to requisite level of egregious conduct). Avante may have made missteps in this litigation, but the Court finds no misconduct or bad faith. "[M]ere negliglence" in construing a patent as being infringed by the opposing party is not enough for a § 285 award. **Digeo**, 505 F.3d at 1369.[3]

---

[3]Alternatively, Defendants also seek an award of attorney's fees under Fed.R.Civ.P. 37(c)(2) based on Avante's answers to their requests for admissions about the HSCC and the M100, a device

**Sequoia's Bill of Costs**

Sequoia moves this Court pursuant to 28 U.S.C. § 1920 for an award of $71,490.82 in costs, including $600.00 for fees of the clerk; $44,343.24 for fees of the court reporter; $4,260.03 for fees for witnesses; $22,267.55 for fees for exemplification and copies of papers; and $20.00 for docket fees. Avante opposes an award at all and, alternatively, also opposes certain items included in the bill of costs.

A district court has considerable discretion in awarding costs, which "is authorized by § 1920 and governed by Federal Rule of Civil Procedure 54(d)." **Craftsmen Limousine, Inc. v. Ford Motor Co.**, — F.3d —, 2009 WL 2748365, *1 (8th Cir. 2009); accord **Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 762 (8th Cir. 2006); **Computrol, Inc. v. Newtrend, L.P.**, 203 F.3d 1064, 1072 (8th Cir. 2000). A prevailing party is presumptively entitled to recover costs allowed by § 1920. **Thompson v. Wal-Mart Stores, Inc.**, 472 F.3d 515, 517 (8th Cir. 2006); **168th and Dodge, LP v. Rave Reviews Cinemas, LLC**, 501 F.3d 945, 958 (8th Cir. 2007); **In re Derailment Cases**, 417 F.3d 840, 844 (8th Cir. 2005). As the losing party, Avante bears the burden of overcoming this presumption by suggesting a rationale why an award would be an abuse of discretion. **l68th and Dodge**, 501 F.3d at 958.

---

manufactured by a former defendant, Election Systems & Software, Inc. Rule 37(c)(2) provides that a court "must" order an award of attorney's fees and reasonable expenses if the requesting party establishes that the opposing party failed to admit a matter later proved to be true. Fed.R.Civ.P. 37(c)(2). An exception to this mandate occurs when "the party failing to admit had a reasonable ground to believe that it might prevail on the matter[.]" Fed.R.Civ.P. 37(c)(2)(C). Having presided over this litigation for three years, the Court finds that Avante had such a ground on the HSCC. As Defendants did not need to prove anything about the M100, Avante's responses relative to that device are not at issue.

Avante argues only that the costs should be denied because Defendants did not prevail on all issues. This does not negate Defendants' standing as prevailing parties.

Section 1920 expressly identifies the expenses a court may tax as costs against a losing party, specifically providing:

> A judge . . . of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under [§] 1923 of this title; . . . .

28 U.S.C. § 1920.

Sequoia first seeks $600 for pro hac vice fees for six attorneys. "[P]*ro hac vice* fees are recoverable as fees of the clerk under § 1920." **Craftsmen Limousine**, 2009 WL 2748365, *3. The three attorneys who have represented Sequoia from the beginning of this action are well-versed in patent law and vigorously and ably represented their client. The $300 in fees for the attorneys who later entered their appearance will be denied.

Sequoia next seeks $42,368.15 ($44,343.24 minus $1,975.09) for fees of the court reporter for 19 depositions taken by Defendants of 14 witnesses and 27 depositions taken by Avante of 24 witnesses. All but three of the depositions taken by Defendants were videotaped. Only three of the depositions taken by Avante were videotaped. The Eighth Circuit Court of Appeals has recently held that "the costs of video depositions are included

under § 1920." **Craftsmen Limousine**, 2009 WL 2748365, *3. Avante objects, however, to the taxing of both the transcripts and the videotapes. In **Little v. Mitsubishi Motors North America, Inc.**, 514 F.3d 699, 701-02 (7th Cir. 2008) (per curiam), the first case cited by the Eighth Circuit in **Craftsmen Limousine** for the proposition that video deposition costs are recoverable, the court agreed with two of its sister circuits that district courts may tax the costs of stenographically transcribing a video deposition *and* of the video deposition. Those two other cases, **Tilton v. Capital Cities/ABC, Inc.**, 115 F.3d 1471, 1477 (10th Cir. 1997), and **Morrison v. Reichhold Chems., Inc.**, 97 F.3d 460, 464-65 (11th Cir. 1996), were also cited by the Eighth Circuit in **Craftsmen Limousine**, 2009 WL 2748365, *3. As the Eighth Circuit found the reasoning of three of its sister circuits that video deposition costs were taxable to be persuasive, this Court finds their reasoning that costs of both transcript and video depositions are taxable to be similarly persuasive.[4]

Avante also objects to the costs of depositions taken but not used at trial or otherwise introduced into evidence. "'[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in [a] case and was not purely investigative.'" **Smith v. Tenet Healthsystem SL, Inc.**, 436 F.3d 879, 899 (8th Cir. 2006) (quoting Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997)) (alterations in original). The Court has reviewed the record and finds all the named depositions to be necessarily obtained for use in the case.

---

[4]The Court notes that Defendants are not asking that Realtime costs for seven depositions be taxed.

The remaining $1,975.09 of the $44,343.24 sought as fees of the court reporter is for trial transcripts and a transcript of the Markman hearing. Avante objects to the first, arguing that daily trial transcripts were not necessary. The Court agrees and will not tax the $1,890.43 requested for such. The $84.66 for the Markman hearing transcript will be taxed. In sum, $42,452.81 will be taxed as fees of the court reporter.

Sequoia asks that $4,260.03 be taxed as travel expenses for three witnesses: Larry Korb, Michael Shamos, and J. Michael Thesz. Section 1920 permits fees for witnesses to be taxed; 28 U.S.C. § 1821 defines those fees, including the expenses of travel by common carrier, § 1821(c)(1), taxi fees, § 1821(c)(3), and a subsistence allowance, § 1821(d)(1). The Court finds that the costs sought are supported by documentation and will be allowed.

The $9,288.13 for documents obtained pursuant to third party subpoenas and the $8,170.22 sought for demonstrative evidence will not be allowed. Although fees for exemplification and copies of papers necessarily obtained for use in the case are recoverable by the prevailing party as costs, **Concord Boat Corp. v. Brunswick Corp.**, 309 F.3d 494, 498 (8th Cir. 2002), the Court is unable to determine whether the first category satisfies this criteria and does determine that the second does not. Consequently, of the $22,267.55 sought for these fees, only $4,809.20 will be taxed.

The docket fees of $20.00 will be taxed.

For the foregoing reasons, Sequoia's motion for a bill of costs will be granted in part and denied in part.

**Premier's Bill of Costs.**

Premier requests an award of $90,804.24 in costs, including $39.00 for filing a motion to quash in the United States District Court for the Central District of Illinois; $53,334.85 for fees of the court reporter; $1,259.88 for fees for witnesses; $13,882.69 for fees for exemplification and copies of papers; and $20.00 for docket fees.

As with the bill of costs submitted by Sequoia, the costs of daily transcripts, $1,890.43, will not be taxed, nor will the costs of demonstrative exhibits, $8,170.22, and the costs of third party document production, $471.54. The remaining costs will be taxed for the reasons set forth in the discussion above on Sequoia's request.

Accordingly,

**IT IS HEREBY ORDERED** that motion of Avante International Technology, Inc., for amended or additional findings of fact and conclusions of law as to the issue of the obviousness of certain claims in the '944 patent and the '313 patent and the motion for judgment as a matter of law or, alternatively, for a new trial are both **DENIED**. [Docs. 657, 659]

**IT IS FURTHER ORDERED** that the motion of Premier Election Solutions, Inc., and Sequoia Voting Systems for judgment as a matter of law that the '944 and '313 patents are unenforceable and their motion for attorney fees are both **DENIED**. [Docs. 661, 664]

**IT IS FURTHER ORDERED** that the motion of Avante International Technology, Inc., for a hearing is **DENIED** as moot. [Doc. 675]

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax the following costs in favor of Sequoia Voting Systems and against Avante International Technology, Inc.

| | |
|---|---|
| Fees of the clerk | $ 300.00 |

| | |
|---|---:|
| Fees of the court reporter | 42,452.81 |
| Fees for witnesses | 4,260.03 |
| Fees for copies necessarily obtained | 4,809.20 |
| Docket fees | 20.00 |
| | |
| TOTAL TAXABLE COSTS | $51,842.04 |

**IT IS FINALLY ORDERED** that the Clerk of Court shall tax the following costs in favor of Premier Election Solutions, Inc., and against Avante International Technology, Inc.

| | |
|---|---:|
| Fees of the clerk | $ 39.00 |
| Fees of the court reporter | 51,444.42 |
| Fees for witnesses | 1,259.88 |
| Fees for copies necessarily obtained | 5,240.93 |
| Docket fees | 20.00 |
| | |
| TOTAL TAXABLE COSTS | $58,004.23 |

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of October, 2009.